## No. A-CV-01-84

## Court of Appeals of the Navajo Nation

Vernold Livingston, *Appellant,*

*vs.*

Annie Livingston, *Appellee.*

Decided March 29, 1985

## OPINION

*Before McCabe, Chief Justice, Neswood and Hilt, Associate Justices.*

*Genevieve K. Chato, Esquire, Fort Defiance, Arizona for Appellant and Lawrence Ruzow, Esquire, Window Rock, Arizona for Appellee.*

On December 5, 1983, the trial court entered a decree of divorce. The trial court order provided for custody and support of the two minor children and a division of the marital property. The appellee was awarded the parties' two bedroom hogan at Iyanbito. The trial court found that the parties had stipulated the value of the hogan to be $18.50 per square foot. There was no finding as to the number of square feet. The rest of the community property was awarded to the party in possession on the day of hearing.

The appellant filed a Notice of Appeal challenging the trial court's award of the Iyanbito hogan to the appellee. Appellant asked for a determination of the fair market value of the hogan and for a one-half interest in that market value.

An appeal was allowed on the issue of whether the trial court abused its discretion in awarding the hogan to the appellee. The parties were ordered to submit to the Court a written stipulation as to the square footage. The parties stipulated that by external measurements the square footage is 732 square feet and by internal measurements it is 576.13 square feet. Using the value of $18.50 per square foot stipulated by the parties, the value of the hogan ranges from $10,656.00 to $13,542.00.

9 N.T.C. §404 requires that "each divorce decree shall provide for a fair and just settlement of property rights between the parties. . . ." In *Shorty v. Shorty,* 3 Nav. R. 151 (1982), [hereafter cited as *Shorty*], the Court set

forth guidelines to assist the trial courts in determining what is fair and just. Eleven factors were listed in *Shorty*. These factors include the financial circumstances of the parties and the circumstances of the minor children. The District Courts were directed to consider all the circumstances of the parties when making a division of marital property.

The Court considered the relevant facts of this case. Appellant was awarded custody of the two minor children. Appellant's gross salary at the time of hearing was approximately two-thirds of appellee's. The parties received an approximately equal division of household goods and automobiles. The parties were awarded their separate property, the value of appellee's appearing in excess of appellant's. Appellee was ordered to pay approximately $2,000.00 more of the community debts but these debts were generally on his share of the community household goods and his vehicle.

A consideration of the factors in *Shorty* in light of the facts set forth above leads this Court to conclude that it was an abuse of discretion to award the entire hogan to the appellee.

The Court agrees that an equal division of marital property is not mandated. This does not mean, however, that there is not to be a balancing of all the circumstances of the parties. In fact, this balancing of circumstances is precisely why an equal division of property is not required in most jurisdictions. Under the flexibility thus allowed a court may, for example, offset one party's lower earning capacity by a larger share of the property. The desired end result is for the parties to start divorced life on some sort of equitable basis.

A balancing of the circumstances of the parties in this case requires at the very least that the marital property be divided equally.

It is therefore Ordered that appellee pay to the appellant as and for her interest in the parties' hogan the sum of six thousand dollars ($6,000.00) on or before May 1, 1986.